## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANNIKA and JOSEPH BARTEK,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No.  4:21-CV1070 |
| | ) | |
| **DAVID LAWRENCE and** | ) | |
| **MYCHELLE RAISBECK,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

**COMES NOW** Defendants David Lawrence and Mychelle Raisbeck and for their Answer to Plaintiffs' Complaint state:

1. These Defendants admit that Annika and Joseph Bartek are husband and wife who reside in St. Louis County, Missouri but deny each and every remaining allegation contained in ¶1.

2. These Defendants admit ¶2.

3. These Defendants admit ¶3.

4. These Defendants deny each and every allegation contained in ¶4.

## COUNT I

**COMES NOW** Defendants David Lawrence and Mychelle Raisbeck and for their Answer to Count I of Plaintiffs' Complaint states:

5. These Defendants adopt and incorporate their responses to ¶¶1 through 4 in response to ¶5.

6. These Defendants admit ¶6 that on April 6, 2020, the Barteks and Defendants closed on a contract where the Barteks purchased the Property from Defendants but deny each and every remaining allegation contained in ¶6 as Exhibit 1 was not attached to the Petition, now Complaint.

7. These Defendants deny each and every allegation contained in ¶7 including subparagraphs (a), (b) and (c).

8. These Defendants deny each and every allegation contained in ¶8.

9. These Defendants deny each and every allegation contained in ¶9.

**WHEREFORE,** Defendants David Lawrence and Mychelle Raisbeck having fully answered Count I of Plaintiffs' Complaint pray to be dismissed together with proper cost and for any further such orders as this Honorable Court deems just and proper in the circumstances.

## COUNT II

**COMES NOW** Defendants David Lawrence and Mychelle Raisbeck and for their Answer to Count II of Plaintiffs' Complaint state:

10. These Defendants adopt and incorporate their responses to ¶¶1 through 9 in response to ¶10.

11. These Defendants admit ¶11.

12. These Defendants deny each and every allegation contained in ¶12.

13. These Defendants deny each and every allegation contained in ¶13.

14. These Defendants deny each and every allegation contained in ¶14.

15. These Defendants deny each and every allegation contained in ¶15.

16. These Defendants deny each and every allegation contained in ¶16.

17. These Defendants deny each and every allegation contained in ¶17.

18. These Defendants deny each and every allegation contained in ¶18.

**WHEREFORE,** Defendants David Lawrence and Mychelle Raisbeck having fully answered Count II of Plaintiffs' Complaint pray to be dismissed together with proper cost and for any further such orders as this Honorable Court deems just and proper in the circumstances.

## COUNT III

**COMES NOW** Defendants David Lawrence and Mychelle Raisbeck and for their Answer to Count III of Plaintiffs' Complaint state:

19. These Defendants adopt and incorporate their responses to ¶¶1 through 18 in response to ¶19.

20. These Defendants deny each and every allegation contained in ¶20.

21. These Defendants deny each and every allegation contained in ¶21.

22. These Defendants deny each and every allegation contained in ¶22 including subparagraphs (a) through (g).

23. These Defendants deny each and every allegation contained in ¶23.

24. These Defendants deny each and every allegation contained in ¶24.

25. These Defendants deny each and every allegation contained in ¶25.

26. These Defendants deny each and every allegation contained in ¶26.

27. These Defendants deny each and every allegation contained in ¶27.

**WHEREFORE,** Defendants David Lawrence and Mychelle Raisbeck having fully answered Count III of Plaintiffs' Complaint pray to be dismissed together with proper cost and for any further such orders as this Honorable Court deems just and proper in the circumstances.

## ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants David Lawrence and Mychelle Raisbeck and for their Additional Responses and Affirmative Defenses to Plaintiffs' Complaint state:

1. These Defendants deny each and every allegation contained in Plaintiffs' Complaint unless expressly admitted.

2. Plaintiffs' request for a jury trial as to punitive damages should be stricken and the issue of punitive damages should be tried to the Court only in that the United States Supreme

Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 US 424 (2001) held that the amount of punitive damages is not a factual issue to be tried by the jury and, therefore, the right to a jury trial is not indicated.  The United States Supreme Court further pointed to a fundamental difference between compensatory and punitive damages and held that punitive damages are an expression of moral condemnation that essentially constitutes a conclusion of law.  The United States Supreme Court further cited the eighth amendment in explaining that constitutional excessiveness protection applies to both criminal and civil punishments and that said punishments should be determined by Courts as a matter of law, rather than by juries, as a matter of fact.  Thus, the plaintiff in a civil case does not have a right to a jury trial with respect to punitive damages.

3. Defendants reserve the right to request a bifurcated trial as to the issue of punitive damages in accordance with Mo. Rev. Stat. §510.263.

4. Plaintiffs' request for punitive stances damages violates Defendants' constitutional protections:

**A.      Inadequate Procedural Protections against an Arbitrary or Erroneous Award**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because the law governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.  A state may constitutionally award punitive damages only if the law of that state provides significant and effective procedural protections to defendants and the law of this State does not.  *See Phillip Morris USA v. Williams*, 549 U.S. 346, 352, 127 S. Ct. 1057, 1062 (2007) (holding that "the Constitution imposes certain limits" regarding "procedures for awarding punitive damages," including requiring states to  implement "proper standards that will cabin the jury's discretionary authority" and

-4-

"avoid an arbitrary determination of an award's amount"); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-417, 123 S. Ct. 1513, 1519-1520 (2003) ("It is well established that there are procedural . . . constitutional limitations on [punitive damages] awards . . . . Although these awards serve the same purposes as criminal penalties, defendants subjected to punitive and/or aggravating circumstances damages in civil cases have not been accorded the protections applicable in a criminal proceeding.  This increases our concerns over the imprecise manner in which punitive damages systems are administered.")

B. **Lack of Fair Notice**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because these defendants lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State or of the amount of such damages that could be awarded.  The lack of fair notice bars any award of punitive damages.  *Phillip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1059 (2007) (holding "unless a State insists upon proper standards that will cabin the jury's discretionary authority, its punitive damages system may deprive a defendant of 'fair notice of the severity of the penalty that a State may impose,'" thus violating due process); *BMW of N. Am, Inc. v. Gore*, 517 U.S. 559, 574-576, 116 S. Ct. 1589, 1598 (1996) ("Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to a penalty, but also of the severity of the penalty that a State may impose."); *accord State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 123 S. Ct. 1513, 1520 (2003).

C. **No Relationship to Civil Fines or Penalties**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of

the Missouri Constitution, Article 1, Section 10 because due process requires that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature or by administrative agencies under authority delegated by the legislature. *BMW of N. Am, Inc. v. Gore*, 517 U.S. 559, 583-84, 116 S. Ct. 1589, 1603 (1996). The law of this State, however, fails to incorporate this due process requirement and therefore no award of punitive damages may be constitutionally made under the law of this State.

**D.      Evidence of Defendant's Financial Condition ("Net Worth" Evidence)**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because the law of this State permits the introduction of evidence of these defendants' financial condition or "net worth" with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendants' status. *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432, 114 S. Ct. 2331, 2341 (1994).

**E.      Excessive Fines**

Plaintiffs' claim for punitive damages is barred by the Excessive Fines Clause of the United States Constitution (Amendment VIII). The law of this State requires that a portion of any award of punitive damages be paid to the State and, therefore, an award of punitive damages constitutes a "fine" subject to the Excessive Fines Clause. Under the circumstances of this case, any amount of punitive damages would be excessive and in violation of the Excessive Fines Clause.

**F.      *State Farm v. Campbell* Reprehensibility Factors**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with

respect to, each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the *de novo* review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

G.      *State Farm v. Campbell* **Single-Digit Ratio**

Plaintiffs' claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because the law of this State governing punitive stances damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the constitutional factors that govern the permissible ratio of punitive damages to compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the *de novo* review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

H.      *State Farm v. Campbell* **"Double-Counting" Issue**

Plaintiffs' claim for punitive and/or aggravating circumstances damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Missouri Constitution, Article 1, Section 10 because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the exclusion of all items of compensatory damage from the quantum of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426, 123 S. Ct. 1513, 1525 (2003) (noting that "[t]he compensatory damages for the injury suffered here . . . likely were based on a component that was duplicated in the punitive award").

Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the *de novo* review required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), to ensure that items of compensatory damages are not impermissibly 'double-counted' in the quantum of punitive damages.

5.  That Plaintiffs' request for punitive damages violates Mo. Rev. Stat. §510.261 in that subsection 5 provides that no initial pleading in a civil action may contain a claim for a punitive damage award and any later pleading containing a claim for a punitive damage award may only be filed with leave of Court.  Leave of Court may only be granted if there is compliance with the directives of subsection 5.  Plaintiffs are in violation of Mo. Rev. Stat. §510.261 and thus all references to punitive damages must be stricken.

/s/ Robert J. Wulff
Robert J. Wulff, Bar No. 34081MO
EVANS & DIXON, LLC
211 North Broadway, 25th Floor
St. Louis, MO  63102
(314)  552-4054 Tel. No.
(314)  884-4454 Fax. No.
rjwulff@evans-dixon.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2021 the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system and a copy was emailed to mdaming@wasingerdaming.com.

/s/ Robert J. Wulff