UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNIKA BARTEK, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:21-CV-01070-JAR ) |
| DAVID LAWRENCE, et al., | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants David Lawrence and Mychelle Raisbeck's Motion to Strike. (Doc. No. 5). Plaintiffs raise a number of state-law claims related to their purchase of certain real property from Defendants, including a claim for violation of the Missouri Merchandising Practices Act. (Doc. No. 1-1). Plaintiffs allege they are entitled to punitive damages for that violation. *Id*. at ¶ 16. Defendants move to strike allegations of punitive damages from Plaintiff's complaint pursuant to Missouri Revised Statute § 510.261.

Under Mo. Rev. Stat. § 510.261(5), effective August 28, 2020, "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court." Defendants argue any references to punitive damages in Plaintiff's initial complaint must be struck pursuant to § 510.261. Plaintiffs respond that the statute is inapplicable, as this Court has twice concluded § 510.261 does not apply in federal court. *See Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-cv-211-ACL, 2021 WL 307550 (E.D. Mo. Jan. 29, 2021); *Anderson v. R.J. Reynolds Tobacco Co.*, No. 4:20-CV-01610-MTS, 2021 WL 3525165 (E.D. Mo. Aug. 11, 2021).

1

The Court finds the reasoning in *Kilburn* and *Anderson* to be persuasive. The *Kilburn* court declined to strike a claim for punitive damages pursuant to § 510.216(5). That court noted the Supreme Court instructed federal courts in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Company*, 559 U.S. 393 (2010) not to "apply a state a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove Orthopedic Assocs.* 559 U.S. 393, 398–99 (2010)).

The *Kilburn* court determined Fed. R. Civ. P. 8, which governs the federal requirements for pleading, answers the same question as § 510.216(5) but comes out differently: under the Missouri statute, a claim for punitive damages cannot be included in an initial pleading, but under Rule 8, it can. *See Kilburn*, 2021 WL 307550, at *2. It also held that Rule 8 is valid under the Rules Enabling Act, 28 U.S.C. § 2072, because it "governs the pleading standard and content of a complaint" and thus "regulates procedure." *Id.* Finding, then, that § 510.261(5) meets both requirements provided in *Shady Grove*, the *Kilburn* court concluded that it should not apply § 510.261(5). *Id.* The *Anderson* court adopted the reasoning in *Kilburn*. 2021 WL 3525165 at * 7.

Plaintiff argues this Court should reject the holdings of *Kilburn* and *Anderson* and instead apply the reasoning of the District of Minnesota in *Kuehn v. Shelcore, Inc.*, 686 F. Supp. 233, 235 (D. Minn. 1988). The *Kuehn* court analyzed a similar Minnesota statute[1] and granted the

---

[1] The statute at issue in *Kuehn* is Minnesota Statute § 549.191, which states in relevant part:
> Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages.

MINN. STAT. § 549.191.

defendants' motion to strike the plaintiff's prayer for punitive damages. *Kuehn* was decided in June of 1988, over thirty years prior to the Supreme Court's decision in *Shady Grove*. That decision has called into question the application of MINN. STAT. § 549.191 in federal court. *See Benner v. Saint Paul Pub. Sch., I.S.D. #625*, 407 F. Supp. 3d 819, 825 (D. Minn. 2019) (citing *Rogers v. Mentor Corp.*, No. 12-CV-2602 (SRN/SER), 2018 WL 2215519, at *6 (D. Minn. May 15, 2018)) (Section 549.191's "prohibition on including punitive damages in an initial complaint may conflict with Fed. R. Civ. P. 8 and 9"). In light of the reasoning in *Kilburn* and *Anderson* as well as the questionable precedential value of *Kuehn*, the Court concludes that it should not apply the prohibition in § 510.261 on asserting a claim for punitive damages in an initial pleading. Rule 8 governs the pleading requirements in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike [5] is **DENIED**. Dated this 1st day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3